UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARY NORWOOD<br>6262 Rathlin Drive<br>Springfield, VA   22152<br><br>        Plaintiff,<br><br>    v.<br><br>JEH JOHNSON, Secretary<br>U.S. Department of Homeland Security<br>12th Street and C Street SW<br>Washington, DC   20528<br><br>and<br><br>ADMIRAL PAUL F. ZUKUNFT,<br>Commandant, U.S. Coast Guard<br>2703 Martin Luther King, Jr. Avenue SE<br>Washington, DC   20593<br><br>        Defendants. | JURY TRIAL DEMANDED<br><br><br>Case No. 1:15-cv-0567 |

**COMPLAINT FOR DAMAGES**
(Employment Discrimination)

1. Plaintiff Mary Norwood ("Norwood") brings this action against Defendant Jeh Johnson, Secretary of the U.S. Department of Homeland Security (Agency), to recover compensatory damages, reasonable attorney's fees and costs for violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-16 (Title VII), and the Age Discrimination in Employment Act, as amended, 29 U.S.C. § 633a (ADEA).

**I.  PARTIES AND JURISDICTION**

2. Norwood is an adult citizen of the United States residing in the State of Virginia who was born in 1940.  At all times relevant to this Complaint for Damages, Norwood was a civilian employee of the U.S. Coast Guard, a branch of the armed forces of the United States with

headquarters in Washington, D.C., and now operating under the auspices of the U.S. Department of Homeland Security.

3. Jeh Johnson is Secretary of the U.S. Department of Homeland Security, an agency of the United States within the meaning of 5 U.S.C. §§552a(a)(1) and 552(e) with headquarters in Washington, D.C.  Mr. Johnson is named in his official capacity.

4. Admiral Paul F. Zukunft is Commandant of the U.S. Coast Guard.  Admiral Zukunft is named in his official capacity.

5. This Court has jurisdiction pursuant to 29 U.S.C. § 633a(c) and 42 U.S.C. § 2000e-16(c).

6. Venue lies in this judicial district pursuant to 28 U.S.C. §1391, in that the claims arise from conduct occurring in Washington, D.C.

7. Norwood has properly exhausted her administrative remedies pursuant to 29 C.F.R. §1614.407(b).

Upon information and belief, Norwood alleges the following:

## II. STATEMENT OF FACTS

8. Norwood holds a Masters degree in Educational Psychology and has completed substantial work towards a doctoral degree.  She entered the federal service in 1977 and joined the U.S. Coast Guard in 1989.  At the time most relevant to this Complaint for Damages, Norwood had been rendering exemplary services to the Coast Guard and its service members for 24 years.

9. During all times relevant to this Complaint for Damages, Norwood was a Test Policy/Volunteer Education Program Manager serving in a GS-343-13 position.  Among other things, Norwood had primary responsibility for the "Armed Services Vocational

Test" administered to all seeking enlistment in the Coast Guard, and also served as the Coast Guard Policy and Technical Representative to a policy working group called the Department of Defense Committee for Manpower Accessions.

10. Norwood's performance for the Coast Guard was consistently rated exemplary, at least until she complained about a continuing failure to afford her a long promised promotion to a GS-14 position, and challenged decisions stripping her of important job responsibilities in favor of a much younger, less qualified white male named David Padley (Padley); and denying her travel to important conferences she had long attended – and in some instances long helped plan – again in favor of the same much younger, less qualified David Padley.

11. In or about March 2013, Norwood brought a complaint of discrimination alleging that the continuing failure to afford her a promotion to a GS-14 position, and decisions to strip her of important job responsibilities and deny her travel to important conferences in favor of David Padley, were all attributable to her age, race, and sex.  Norwood also alleged she had been subjected to a hostile work environment on the basis of her age, race and, sex.

12. The Coast Guard designated the complaint Case No. HG-USCG-0815-2013, a matter now pending before the Washington Field Office of the U.S. Equal Employment Opportunity Commission.

13. An exemplary performer in the service of the Coast Guard for some 24 years, Norwood could do very little right after challenging discriminatory conduct, even though her substantive responsibilities had been markedly reduced in favor of David Padley.

14. Supervisors fully aware of Norwood's discrimination complaint subjected her to a steady stream of unwarranted criticism and other abuse, in the apparent hope she would simply

retire – they knew she was long since eligible for retirement – rather than continue to endure such mistreatment.

15. Norwood was made of sterner stuff: If she were to leave the Coast Guard, she was determined any departure would be on her own timetable.

16. On or about May 13, 2014, an immediate supervisor fully aware of Norwood's ongoing and protected EEO activity, and fully aware of Norwood's evident determination to continue her employment with the Coast Guard, issued Norwood a Performance Improvement Plan (PIP).

17. The PIP derived, not from any good faith assessment of performance, but from discriminatory and retaliatory animus deriving from Norwood's age, sex, and race, and from her protected EEO activity.

18. The terms of the PIP afforded Norwood a period of 90 days within which to improve performance – though there was no actual shortcoming to improve – and warned against termination in the event of failure to "improve performance."

19. Though she believed an allegation of continuing deficient performance and eventual removal action were likely to be foregone conclusions, Norwood still declined to resign her position: She would remain and fight allegations motivated by continuing discriminatory and retaliatory animus.

20. On or about June 12, 2014, Norwood initiated a complaint of discrimination deriving from the PIP, which the Coast Guard eventually designated Case No. HS-USCG-01236-2014.

21. In August 2014, Norwood's supervisor issued a notice of proposed removal on grounds

of alleged deficient performance. The notice derived not from any good faith belief that Norwood's performance was some how deficient. It derived from a determined effort to drive her from the federal service, an effort inspired by continuing discriminatory and retaliatory animus.

22. Effective September 25, 2014, the date her oral response to the notice of proposed removal was scheduled, Norwood resigned her employment in the federal service. She did so, not because she somehow desired retirement, but in order to avoid the stigma of an involuntary removal after a combined period of some 37 years of loyal and dedicated to the United States and members of its armed forces.

23. In October 2014, Norwood initiated a complaint challenging her involuntary retirement as the product of continuing racial and discriminatory animus. The Coast Guard has designated that complaint Case No. HS-USCG-00183-2015. The claims remain under investigation at this time.

24. On or about January 15, 2015, the Coast Guard issued a Final Agency Decision in Case No. HS-USCG-01236-2014, rejecting claims the Performance Improvement Plan imposed in May 2014 was a product of discriminatory and retaliatory animus in violation of Title VII and the ADEA.

### A.  FIRST CAUSE OF ACTION (ADEA)
### Discrimination in Employment (29 U.S.C. § 633a)

25. Norwood adopts and incorporates by reference paragraphs 1 to 24.

26. Norwood was subjected to a Performance Improvement Plan and attendant threat of removal on the basis of her age, in violation of the ADEA.

27. Norwood has suffered discrimination on account of age and mental distress as a direct and proximate result of the Agency's conduct.

## B. SECOND CAUSE OF ACTION (ADEA)
### Retaliation in Employment (29 U.S.C. § 633a)

28. Norwood adopts and incorporates by reference paragraphs 1 to 27.

29. Norwood was subjected to a Performance Improvement Plan and attendant threat of removal in order to punish and retaliate against her for engaging in protected activity and asserting claims of age discrimination, in further violation of the ADEA.

30. Norwood has suffered retaliation and mental distress as a direct and proximate result of the Agency's conduct.

## C. THIRD CAUSE OF ACTION (TITLE VII)
### Discrimination in Employment (42 U.S.C. § 2000e-16)

31. Norwood adopts and incorporates by reference paragraphs 1 to 30.

32. Norwood was subjected to a Performance Improvement Plan and attendant threat of removal on the basis of her race, in violation of Title VII.

33. Norwood has suffered discrimination and mental distress as a direct and proximate result of the Agency's conduct.

## D. FOURTH CAUSE OF ACTION (TITLE VII)
### Retaliation in Employment (42 U.S.C. § 2000e-16)

34. Norwood adopts and incorporates by reference paragraphs 1 to 33.

35. Norwood was subjected to a Performance Improvement Plan and attendant threat of removal in order to punish and retaliate against her for engaging in protected activity and asserting claims of race discrimination, in further violation of Title VII.

36. Norwood has suffered retaliation and mental distress as a direct and proximate result of the Agency's conduct.

### E. FIFTH CAUSE OF ACTION (TITLE VII)
### Discrimination in Employment (42 U.S.C. § 2000e-16)

37. Norwood adopts and incorporates by reference paragraphs 1 to 36.

38. Norwood was subjected to a Performance Improvement Plan and attendant threat of removal on the basis of her sex, in violation of Title VII.

39. Norwood has suffered discrimination and mental distress as a direct and proximate result of the Agency's conduct.

### F. SIXTH CAUSE OF ACTION (TITLE VII)
### Retaliation in Employment (42 U.S.C. § 2000e-16)

40. Norwood adopts and incorporates by reference paragraphs 1 to 39.

41. Norwood was subjected to a Performance Improvement Plan and attendant threat of removal in order to punish and retaliate against her for engaging in protected activity and asserting claims of sex discrimination, in further violation of Title VII.

42. Norwood has suffered retaliation and mental distress as a direct and proximate result of the Agency's conduct.

### RELIEF REQUESTED

WHEREFORE, Plaintiff Mary Norwood requests judgment against Jeh Johnson, Secretary of the U.S. Department of Homeland Security, as follows:

    A.       Compensatory damages in an amount to be determined at trial.

    B.       Reasonable attorneys' fees and costs.

    C.       Such other relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff Mary Norwood demands a jury to determine all issues so triable.

Respectfully submitted,

April 15, 2015                     **KLIMASKI & ASSOCIATES, P.C.**


  */s/   James R. Klimaski*
James R. Klimaski, #243543

  */s/   John P. Racin*
John P. Racin, #942003

Klimaski & Associates, P.C.
1625 Massachusetts Avenue NW – Suite 500
Washington, DC  20036-2245
202-296-5600          Fax 202-296-5601
Klimaski@Klimaskilaw.com
Racin@Klimaskilaw.com

**Counsel to Plaintiff**